**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| Building Materials Corporation of America | ) | |
| Asphalt Roofing Shingle Products Liability | ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, | ) | |
| ————————————————— | ) | |
| | ) | |
| First Baptist Church of Blairsville, | ) | |
| on behalf of all themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:12-cv-00087-JMC |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| GAF Materials Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

This matter is before the court on Defendant GAF Materials Corporation's ("GAF"),
Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be
Granted [Dkt. No. 21]. Extensive memoranda in support of and in opposition to these motions
have been filed by the parties. Having considered the written arguments of the parties and the
record before the court, GAF's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New
Jersey. It manufactures roofing materials, including asphalt roofing shingles marketed under the
Timberline® brand name, in facilities located across the United States and sells these shingles
nationwide. Plaintiff First Baptist Church of Blairsville ("First Baptist") is a property owner in
Blairsville, Georgia. In the Complaint, First Baptist alleges that it "chose to place new shingles

1

on its roof in June of 1998 [and that the] shingles it purchased were GAF Timberline shingles manufactured at GAF's Mobile Plant." Complaint, at ¶ 21 [Dkt. No. 1]. Additionally, First Baptist alleges that GAF warranted the shingles for a period of at least thirty (30) years, that the shingles are defective because they are cracking, and that they fail to meet ASTM International ("ASTM") standard 3462 based on testing conducted by a certified roofer. *Id*. at ¶¶ 22, 23, and 38. First Baptist further acknowledges that it was unaware of the alleged defect in the shingles until the testing, which occurred shortly before the filing of this class action complaint. *Id*. at ¶ 23. First Baptist brings this putative class action against GAF asserting claims for negligence (count I); breach of express and implied warranties (counts II and III); and violation of Georgia's Fair Business Practices Act ("GFBPA") (count IV) arising from GAF's sale of the allegedly defective roofing shingles.

## LEGAL STANDARD

**Standard of Review**

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court

2

to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### Negligence

GAF asserts that First Baptist's negligence claim is barred by Georgia's ten-year statute of repose applicable to product liability actions. *See* Ga. Code Ann. § 51-1-11(b)(2)(2009). First Baptist refutes GAF's position, contending that GAF waived its statute of repose arguments by issuing an express warranty extending coverage for the shingles far beyond the statutory limit. *See* Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments ("Plaintiffs' Omnibus Memorandum") [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71].

Unlike a statute of limitations, a statute of repose is a condition precedent to the recognition of a cause of action. *See Hill v. Fordham,* 367 S.E.2d 128, 131 (Ga. App. 1988). If an injury occurs outside of the limitations period established by the statute of repose, the injury is not actionable. *Id.* The statute of repose applicable to this case provides that

> No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.

Ga. Code Ann. § 51-1-11(b)(2). Georgia law generally applies this statute of repose to bar strict liability and negligence claims against manufacturers, *see* Ga. Code Ann. § 51-1-11(c), if the claims are not commenced within ten years after "a finished product is sold as new to the intended consumer who is to receive the product." *Campbell v. Altec Industries, Inc.*, 707 S.E.2d 48, 49 (Ga. 2011).

"A statute of ultimate repose sets an ultimate limit on which injuries shall be actionable. Therefore, by definition, a statute of ultimate repose cannot be 'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired." *Hill*, 367 S.E.2d at 131. However, where a "defendant's fraudulent actions [prevents] the plaintiff from pursuing a timely-accrued right, . . . the defendant should be equitably estopped from asserting a defense based on the statute of repose." *Rosenberg v. Falling Water, Inc.*, 709 S.E.2d 227, 230 (Ga. 2011).

Here, First Baptist alleges it purchased the shingles at issue approximately thirteen years prior to commencing this action. Nevertheless, First Baptist contends that its negligence cause of action against GAF is not subject to dismissal on the basis of the statute of repose because the claim should be equitably tolled or waived based on GAF's representations concerning the ASTM certifications affixed to the product packaging and the GAF Smart Choice Shingle

4

Limited Warranty ("Smart Choice Warranty") [Dkt. No. 21-7][1] extending the warranty of the product beyond the statute of repose provided by Georgia law. However, First Baptist's argument concerning the statute of repose does not extend to its negligence claims, and GAF makes no argument here that First Baptist's warranty claims are barred by the statute of repose. Furthermore, First Baptist's Complaint includes no factual allegations from which this court could conclude that equitable tolling of its negligence claim would be applicable and cites no authority in its memoranda exempting its negligence claim from the statute of repose. Accordingly, First Baptist's negligence claim is dismissed on the ground that it is barred by the statute of repose. [2]

**Breach of Warranties**

 **A.  Statute of Limitations**

  GAF first contends that First Baptist's warranty claims fail because the statute of limitations expired before it commenced this action against GAF. GAF asserts that Georgia's four-year statute of limitations for breach of warranty in the sale of goods applies to this action.[3] *See* Ga. Code Ann. § 11-2-725(1)(1962).

> A cause of action [for breach of warranty] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach

---

[1] The GAF Smart Choice Shingle Limited Warranty is attached as Exhibit A to the Affidavit of Linda Marion submitted by GAF in support of its motion. First Baptist has not disputed the authenticity of the document and has referred to GAF's warranty in its Complaint.

[2] Because the court has found that the Georgia statute of repose bars any recognition of First Baptist's negligence claims, the court need not address GAF's remaining arguments concerning First Baptist's negligence claims.

[3] First Baptist does not dispute the application of the four-year statute of limitations pursuant to Ga. Code Ann. § 11-2-725 in this case. Therefore, the court will assume without deciding, that the warranty claims are subject to this statute of limitations and not any other.

must await the time of such performance the cause of action accrues when the
breach is or should have been discovered.

Ga. Code Ann. § 11-2-725(2).

Warranties extending to future performance must do so specifically and explicitly. *See*

*Everhart v. Rich's, Inc.*, 196 S.E.2d 475, 476 (Ga. 1973).

While a breach of warranty generally occurs upon delivery of the goods
regardless of the time of discovery of the breach . . ., where there is an agreement
to repair or replace, the warranty is not breached until there is a refusal or failure
to repair. '[I]t is the refusal to remedy within a reasonable time, or a lack of
success in the attempts to remedy which would constitute a breach of warranty."

*Space Leasing Assoc. v. Atlantic Bldg. Systems*, 241 S.E.2d 438, 441 (Ga. App. 1977) (internal

citations omitted).

First Baptist, relying solely on Plaintiffs' Omnibus Memorandum, vigorously argues that
its warranty claims should survive because GAF's alleged marketing and advertising
representations that the shingles would last a certain number of years was sufficient to constitute
a warranty for future performance under Ga. Code Ann. § 11-2-725(2).  Because the Smart
Choice Warranty provides for a method of repair and replacement, *see* Smart Choice Warranty
[Dkt. No. 21-7], the court finds that it could be construed to be a contract for future performance.
However, First Baptist's Complaint does not allege that First Baptist ever gave GAF notice of
any alleged defect when it was discovered, or that GAF ever refused or failed to honor any
express warranty it provided at the time of purchase.  Accordingly, to the extent First Baptist
attempts to allege a cause of action for breach of express warranty, it has failed to do so.

### B.  Implied Warranty Claim

GAF also argues that First Baptist has not adequately stated a claim for breach of implied
warranties of merchantability or fitness for a particular purpose.

"A product is defective and breaches the implied warranty of merchantability when it is not fit for the ordinary purposes for which such goods are used; such purpose is determined by the manufacturer and not the user." *Knight v. American Suzuki Motor Corp.*, 612 S.E.2d 546, 552 (Ga. App. 2005) (citing Ga. Code. Ann. § 11-2-314(1962)) (internal quotation marks omitted). Additionally, a plaintiff must demonstrate that the product was defective at the time of delivery. *Id.* To adequately state a claim for breach of implied warranty of fitness for a particular purpose under Georgia law, a plaintiff must allege that: 1) at the time of the purchase; 2) the seller "has reason to know any particular purpose for which the goods are required;" and 3) that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Ga. Code Ann. § 11-2-315(1962).

Upon review of First Baptist's Complaint, the court finds that it has made only general, conclusory allegations in its cause of action for breach of implied warranties. First Baptist does not allege that the shingles are failing to serve their ordinary purpose but only that the shingles are exhibiting cracking. Remarkably, First Baptist acknowledges that it was unaware of any alleged defect until notified by a certified roofer. Furthermore, the Complaint is devoid of any factual allegations concerning First Baptist's reliance on GAF's judgment to select appropriate shingles for the particular use for which First Baptist required the shingles. Consequently, the court determines that First Baptist has not stated a claim for breach of implied warranties.

### C.  Warranty Disclaimer

GAF further contends that the court should dismiss First Baptist's warranty claims because GAF effectively disclaimed all express and implied warranties except as set forth in GAF's Smart Choice Warranty.

Georgia statutory law allows for the exclusion or modification of warranties. Ga. Code Ann. § 11-2-316(1979) provides, in part,

> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this article on parol or extrinsic evidence (Code Section 11-2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.

> (2) Subject to subsection (3) of this Code section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

> 3) Notwithstanding subsection (2) of this Code section: (a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults," or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. . . .

Incorporating the arguments from Plaintiffs' Omnibus Memorandum, Erickson contends that the warranty disclaimers and remedial limitations found in GAF's Smart Choice Warranty are unconscionable and unenforceable against her and members of the purported class because GAF knew of the alleged defects in the shingles when it sold them and concealed the defects from consumers to induce sales and avoid its obligations under its warranty.

Georgia courts have embraced a flexible approach to an unconscionability analysis, which embraces elements of both substantive and procedural unconscionability recognized in other jurisdictions. *Mullis v. Speight Seed Farms, Inc.*, 505 S.E.2d 818, 820 (Ga. App. 1998) (internal citations omitted). "Procedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves." *Id.*

In the Complaint, First Baptist makes several allegations regarding GAF's knowledge concerning the alleged defective condition of the shingles. *See generally*, Complaint. However, the court finds that First Baptist's unconscionability arguments concerning the Smart Choice Warranty or any other warranty purportedly provided by GAF are not adequately alleged in the Complaint and may not be considered in determining this motion to dismiss. Consequently, based on the the court's findings on GAF's arguments addressed above, the court will dismiss First Baptist's warranty claims.

**Georgia Fair Business Practices Act**

Finally, GAF seeks dismissal of First Baptist's GFBPA claim on the grounds that First Baptist fails to plead any allegations of reliance or causation to support its claim.

The GFBPA provides a private right of action for an individual "who suffers injury or damages ... as a result of consumer acts or practices in violation of [the Act]." Ga. Code. Ann. § 10-1-399(2000). To prevail on a GFBPA cause of action, a plaintiff must demonstrate: a violation of the Act, causation, and injury. *See Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14, 17 (Ga. 2006). Additionally, "[j]ustifiable reliance is an essential element" of a plaintiff's GFBPA claims. *Novare Group, Inc. v. Sarif*, 718 S.E.2d 304, 309 (Ga. 2011) (citing *Tiismann*, 637 S.E.2d at 17).

In its Complaint, First Baptist alleges a cause of action under GFBPA with little, if any, factual allegations to support the claim. The Complaint contains no allegations concerning how GAF's alleged misrepresentations in its general marketing caused First Baptist's alleged damages. Further, First Baptist makes no allegations in the Complaint regarding its reliance on any of the alleged misrepresentations in making the shingles purchase. Accordingly, the court

finds that First Baptist fails to state a claim upon which relief may be granted and GAF is entitled to dismissal of this claim.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** GAF Materials Corporation's Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 21] as set forth herein.  Plaintiff First Baptist Church of Blairsville's Complaint [Dkt. No. 1] is dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 22, 2013
Greenville, South Carolina