IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| In re: ) | |
| Building Materials Corporation of America ) | |
| Asphalt Roofing Shingle Products Liability ) | MDL No.: 8-11-mn-02000-JMC |
| Litigation, ) | |
| _____ ) | |
| ) | |
| First Baptist Church of Blairsville, ) | **OPINION AND ORDER** |
| on behalf of itself and all others similarly ) | |
| situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 8:12-cv-00087-JMC |
| vs. ) | |
| ) | |
| GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff First Baptist Church of Blairsville's ("First Baptist") Motion to Reconsider Pursuant to Rule 59 or, in the Alternative, to Amend Pursuant to Rule 15, [Dkt. No. 33]. First Baptist has filed a memorandum in support of its motion, [Dkt. No. 33-1], and Defendant GAF Materials Corporation ("Defendant") has filed a memorandum opposing it, [Dkt. No. 34]. Having considered the pleadings and arguments from the parties, for the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**PROCEDURAL AND FACTUAL BACKGROUND**

First Baptist filed its Class Action Complaint ("Complaint") on December 19, 2011 in the United States District Court for the Northern District of Georgia, [Dkt. No. 1-2]. In the Complaint, First Baptist alleged that in June 1998 it purchased Timberline shingles manufactured by Defendant in Mobile, Alabama, and installed them on its church building located in Blairsville, Georgia. These shingles, it claims, were warranted by Defendant to perform for a

1

period of not less than thirty years. First Baptist asserts that because the shingles are cracking and fail to meet ASTM International standards, they are defective and that Defendant knew of this defect but continued to sell the shingles. First Baptist did not become aware of these defects, and alleges that it had no reasonable means of discovering them, until it had the shingles examined by a certified roofer shortly before bringing this action against Defendant. The Complaint, styled as a putative class action, asserted claims against Defendant under four counts: claims of negligence (Count I); breach of express warranty (Count II); breach of implied warranties (Count III); and violation of the Georgia Fair Business Practices Act ("GFBPA") (Count IV).

On June 16, 2012, Defendant moved to dismiss First Baptist's Complaint for failure to state a claim upon which relief could be granted ("Motion to Dismiss"), [Dkt. No. 21]. In its March 22, 2013 Order ("March 22 Order"), the court granted Defendant's motion, dismissing all of the counts listed in the Complaint. [Dkt. No. 31]. Specifically, the court held that application of Georgia's ten-year statute of repose barred First Baptist's negligence claim in Count I because the suit did not commence until ten years after First Baptist, the intended customer, had purchased the shingles. [*Id.* at 3–5]. As for Count II, the court similarly held that Georgia's statue of limitations precluded the express warranty claim, [*id.* at 5–6]. The Court also dismissed the implied warranty claims, Count III, because First Baptist failed to allege any failure of the shingles to serve their ordinary purpose and because it failed to allege that it had relied on Defendant's judgment in selecting the shingles, [*id.* at 6–7]. Notably, the court also rejected First Baptist's request to find that Defendant's Smart Choice Single Limited Warranty ("Smart Choice Warranty"), [*see* Dkt. No. 21-7], which was attached to the shingles when purchased, was unconscionable, [Dkt. No. 31 at 8–9]. Finally, the court dismissed Count IV, the GFBPA

2

claim, because First Baptist failed to allege, with sufficient factual particularity, that Defendant's alleged misrepresentations in its marketing caused the damages or that First Baptist had relied on these misrepresentations in making the shingle purchase, [*id.* at 9–10].

First Baptist filed the instant motion on April 19, 2013, [Dkt. No. 33], following the court's March 22 Order. Attached to the motion are letters from Defendant's Warranty Services Department, [Dkt. No. 33-2], a memorandum in support of the Motion to Amend, [Dkt. No. 33-1], and a proposed Amended Class Action Complaint ("Proposed Amended Complaint"), [Dkt. No. 33-4]. By these means, First Baptist attempts to prompt the court's reconsideration of its March 22 Order and to cure the deficiencies of the claims in its Complaint. For the reasons stated below, the court finds these attempts to be partially effective, and therefore grants the motion in part and denies it in part.

## LEGAL STANDARDS

Styled, as it is, in the form of alternatives, the instant motion must be analyzed in two parts, herein referred to respectively as the Motion to Reconsider and the Motion to Amend. Separate analysis is needed because the legal standards that apply to a motion to reconsider are not the same as those that apply to a motion to amend. After laying out the legal standards, the court will discuss each cause of action in turn, incorporating analysis of both legal standards.

**Motion to Reconsider**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may alter or amend its judgment if the movant shows: (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the ruling; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). A Rule 59(e) motion is "an extraordinary remedy that should be applied sparingly."

3

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Thus, "[t]he standard governing motions to reconsider are strict." *Greenville Cnty. Republican Party Exec. Comm. v. South Carolina*, No. 6:10-cv-01407-JMC, 2011 WL 2910360, at *1 (D.S.C. July 18, 2011). They may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). It is inappropriate to use a motion to reconsider as a means to rehash issues upon which the court has already ruled merely because the movant disagrees with the court's ruling. Accordingly, in order to prevail, "[t]he moving party must advance a legal basis for its motion beyond simply disagreeing with the court's judgment." *Greenville Cnty. Republican Party Exec. Comm.*, 2011 WL 2910360, at *1; *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

**Motion to Amend**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[D]ecisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (quoting *Foman v. Davis*, 371 U.S. 178 181 (1962)). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991). Thus, "[a] district court may deny a motion to amend when the

4

amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010).

A motion to amend may be denied if the amendment would be futile. "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.,* 841 F. Supp. 2d 925, 930 (D.S.C. 2012) (citation omitted). Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

In first considering whether First Baptist has met the requirements for the court to reconsider the March 22 Order, the court concludes that First Baptist has identified no change in the controlling law since the March 22 Order was issued, nor has First Baptist provided any new evidence that was not previously available to it when the parties argued the Motion to Dismiss.[1] Consequently, if relief is available through Rule 59(e), it must be to correct a clear error of law in the court's March 22 Order or to prevent manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

---

[1] As addenda to the instant motion, First Baptist offers letters sent to it from Defendant's Warranty Services Department during July of 2011. [Dkt. No. 33-2]. These letters indicate some communication between the parties at that time in which First Baptist claimed a defect with the Timberline shingles and Defendant offered to settle the claim. Defendant correctly points out that these documents were available to First Baptist in July of 2012 when it filed its Memorandum in Opposition to Defendant's Motion to Dismiss, [Dkt. No. 27]. This evidence is not "new" and, thus cannot be used as the basis for a Rule 59(e) motion. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Rhodall v. Verizon Wireless of the East, L.P.*, No. 1:10-3195-MBS, 2012 WL 1825259, at *1 (D.S.C. May 17, 2012).

5

Secondly, in separately analyzing whether to permit First Baptist to amend its Complaint, Rule 15 instructs the court to do so unless it would unfairly prejudice Defendant, would countenance bad faith on the part of First Baptist, or would be futile. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010). Defendant has not argued that amending the Complaint would cause it unfair prejudice or that First Baptist has acted in bad faith. Rather, Defendant argues that all of First Baptist's attempts to amend its Complaint are futile because they would not survive a motion to dismiss.

Therefore, for each of First Baptist's claims, the court must determine first whether its prior ruling concerning the claim was clearly erroneous or caused manifest injustice, and second whether First Baptist has revived the claim such that permitting amendment to the Complaint would not be futile. Each of First Baptist's claims—negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, violation of GFBPA, and fraud—are taken in turn.

**Negligence**

In its initial Complaint, First Baptist claimed that Defendant was negligent for defective design and manufacture of the shingles, for continuing to sell them after the defects became known, and for failing to adequately test them and recall them from market. [Dkt. No. 1-2 at 9–10]. The court's March 22 Order dismissed the negligence claim, holding that Georgia's statute of repose precluded First Baptist from bringing the claim. [Dkt. No. 31 at 5]. The statute of repose provides that

> [n]o action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about this injury.

Ga. Code Ann. § 51-1-11(b)(2) (2009). The statute bars a negligence claim against a

manufacturer if it is not commenced within ten years after "a finished product is sold as new to the intended consumer who is to receive the product." *Campbell v. Altec Industries, Inc.*, 707 S.E.2d 48, 49 (Ga. 2011). Unlike statutes of limitation, the statute of repose's ten-year period is not subject to normal tolling principles. *See Hill v. Fordham*, 367 S.E.2d 128, 131 (Ga. Ct. App. 1988). Thus, the court determined that First Baptist, commencing this action thirteen years after purchasing the shingles, could not sue for negligence, absent some exception to the statute of repose. Having found no applicable exception, the court dismissed the claim.

*Motion to Reconsider.* First Baptist urges the court to reconsider application of the statute of repose by employing two lines of argument. First, it argues that some of Defendant's negligent conduct occurred after the purchase of the shingles and less than ten years ago; thus, the ten-year period set by the statute of repose has not expired. [Dkt. No. 33-1 at 6–8]. This argument is a non-starter. The very terms of the statute mark the date of sale, and not the date of negligent conduct, as the reference point for starting the clock on the ten-year period. *See Campbell*, 707 S.E.2d at 48–49 ("[T]he statute of repose . . . begins to run when a finished product is sold as new to the intended consumer who is to receive the product . . . ."). The Georgia legislature is well aware of how to craft a statute of repose that begins to run on the date on which a negligent act occurs. *See* Ga. Code Ann. § 9-3-71(b) (1985) (creating a statute of repose for medical malpractice that bars claims from being "brought more than five years after the date on which the negligent or wrongful act or omission occurred"). It chose to not do so here. Instead, the statute of repose at issue bars claims of manufacturer negligence when the intended consumer purchased the product causing the injury more than ten years before the suit commenced.

Second, First Baptist argues that Defendant's conduct may fit under an exception to the

7

application of the statute of repose: the ten-year limit does not apply to causes of action arising out of manufacturer conduct that "manifests a willful, reckless, or wanton disregard for life or property."  Ga. Code Ann. § 51-1-11(c) (2009).  The Complaint contains allegations concerning Defendant's behavior that, First Baptist claims, could rise to the level of willful, reckless, or wanton conduct.  The court, ruling on the Motion to Dismiss, must construe allegations that present live factual issues in First Baptist's favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188–90 (4th Cir. 2007) (reversing dismissal fraud claims in class action complaint).  Because a jury could find the conduct to be willful, reckless, or wanton, First Baptist contends that the court was obligated to presume that Defendant's conduct fit within the exception to the statute of repose.  Therefore, First Baptist concludes, the March 22 Order improperly dismissed the negligence claim.

There are two problems in this line of argument.  First, the court notes that First Baptist failed to argue for this exception in its initial opposition to the Motion to Dismiss, and it is typically inappropriate to raise arguments in a Rule 59(e) motion that could have been made previously.  *See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Second, in the initial Complaint, First Baptist made no allegation that Defendant's actions comprised willful, reckless, or wanton conduct.  *Cf. Anderson*, 508 F.3d at 189 (cataloging statements in the plaintiff's complaint that comprise allegations of willfulness).  Even if First Baptist had presented the argument in opposition to the Motion to Dismiss, it would have been unavailing.  First Baptist is not entitled to the presumption of truth for allegations it never makes in its Complaint.  Therefore, reconsideration of the negligence claim's dismissal must be denied.

*Motion to Amend.* Although the court will not reconsider its ruling on the negligence claim, First Baptist may yet revive the claim by amendment. The March 22 Order identified preclusion by the ten-year statute of repose as a deficiency in the Complaint's negligence claim. If First Baptist cures this deficiency in its Proposed Amended Complaint, and amendment would not otherwise be futile, then the negligence claim survives. As laid out above, allegations of willful, reckless, or wanton conduct in the Proposed Amended Complaint would prevent application of the statute of repose and thereby cure the identified deficiency. The court finds that the Proposed Amended Complaint sufficiently alleges willful, reckless, or wanton disregard for property by Defendant for the purposes of Federal Rule of Civil Procedure 12(b)(6). Therefore, First Baptist has cured the negligence claim's deficiency, and, pursuant to Rule 15(a)(2), the court grants leave to amend that claim.

**Breach of Express Warranty**

First Baptist's Complaint also claimed that Defendant breached an express warranty when the Timberline shingles it purchased became defective before the thirty-year period outlined in Defendant's Smart Choice Warranty had expired. [Dkt. No. 1-2 at 10–11]. The court, in its March 22 Order, dismissed this claim. [Dkt. No. 31 at 5–6]. Construing facts in First Baptist's favor, the court determined that the warranty was one for future performance.[2] [*Id.*] However, the court also determined that, under Georgia law, breach of an express warranty for future performance does not occur until the warrantor is notified of the defect and then refuses to honor the warranty or fails in the attempt to do so. [*Id.*]; *see also Simpson v. Hyundai*

---

[2] First Baptist vigorously argued that the express warranty was one for future performance. Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments ("Plaintiffs' Omnibus Memorandum") [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71]. If not a warranty for future performance, it would be subject to the four-year statute of limitations, which would have already expired. Ga. Code Ann. § 11-2-725(2) (1962) (a cause of action for breach of express warranty accrues upon tender of delivery).

*Motor Am.*, 603 S.E.2d 723, 727 (Ga. Ct. App. 2004); *Space Leasing Assoc. v. Atl. Bldg. Sys.*, 241 S.E.2d 438, 441 (Ga. Ct. App. 1977). The Complaint failed to allege that First Baptist ever gave notice of the shingles' defect to Defendant or that Defendant had refused or failed to honor its express warranty. Accordingly, the court dismissed the breach of express warranty claim for failure to allege one of the elements of the cause of action, namely, that a breach had occurred. [Dkt. No. 31 at 5–6].

First Baptist now focuses its attention almost exclusively on the "notice" language of the March 22 Order. First, it contends that because Defendant was aware of the defective shingles, notice was not required. *See BDI Distribs, Inc. v. Beaver Computer Corp.*, 501 S.E.2d 839, 841 (Ga. Ct. App. 1998) ("In construing the notice statute at issue, we decline to ascribe to the legislature an intent to require a buyer to do a futile and useless thing.") Second, it argues that the notice requirement is an affirmative defense to a claim of breach; therefore, it was not required to allege in its Complaint that it had satisfied the requirement. Third, proffering as evidence letters from Defendant's Warranty Services Department containing a settlement offer and an advisory notice of this class action law suit, [Dkt. No. 33-2], First Baptist contends that it did notify Defendant of the defective shingles. Finally, First Baptist argues that the settlement offered by Defendant in response to its notice provided inadequate relief.

First Baptist's focus on the notice requirement misconstrues the thrust of the March 22 Order. Simply put, the notice requirement, set out in Ga. Code Ann. § 11-2-607(3)(a) (1962), was not at issue in the court's March 22 Order. In the court's determination, the Complaint failed to allege an essential element of a claim for breach of warranty for future performance— the act of breach. There was no allegation in the Complaint that Defendant failed to honor the promises made in the Smart Choice or any other warranty. The court's reference to "notice" in

10

the March 22 Order was not intended to raise an affirmative defense on behalf of Defendant. Rather, it was intended to show the absence of any allegation that Defendant had refused to honor its warranty by simply ignoring notice of the alleged defective condition given to it by First Baptist. If no notice had been given, the court reasoned, then Defendant could not have ignored it and, thus, could not have breached the warranty. Prior to the instant motion, First Baptist had put forward no allegation or evidence that it had given notice to Defendant. It is easy to see why: the evidence it has proffered, the Warranty Services Department letters, show that Defendant, instead of refusing to honor the terms of its warranty, offered to fulfill them and was rejected by First Baptist. The letters only confirm what the court has identified as the deficiency in the express warranty claim: First Baptist makes no allegation that a breach actually occurred.

There remains only one route around this deficiency. First Baptist asserts that Defendant's settlement offer was "inadequate." [Dkt. No 33-1 at 8; Dkt. No. 33-4 at 9]. The court construes this argument to be that the settlement offer constituted a remedy that failed of its essential purpose. *See* Ga. Code. Ann. § 11-2-719(2) (1962). Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, that remedy will not be given effect, and the buyer may rely on the remedies provided in the Georgia Commercial Code ("GCC"). *Id.* If the Smart Choice Warranty failed of its essential purpose, then, when the shingles became defective within the thirty-year period, First Baptist would be entitled to the default remedies of the GCC at that time. Consequently, Defendant would have breached its express warranty of future performance by failing to offer First Baptist the GCC default remedies. The court cannot determine, as a matter of law, whether the Smart Choice Warranty fails of its essential purpose. That question is one of fact for the jury to decide. *See, e.g.*, *BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*, No. 10-cv-370-LM, 2013 WL 149656, at *2

(D.N.H. Jan. 11, 2013) (interpreting New Hampshire's version of the Uniform Commercial Code ("UCC")); *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 948 (Ind. 2001) (interpreting Indiana's version of the UCC). Because it remains an issue of fact whether the Smart Choice Warranty failed of its essential purpose, the court, construing facts in First Baptist's favor, must presume, at this juncture, that the warranty has so failed.[3] *See Erickson*, 551 U.S. at 94. As a result, the court must find that First Baptist has alleged the element of breach required for its claim of breach of express warranty.

It was not clear error for the March 22 Order to dismiss the express warranty claim for failure to allege the element of breach. In its pleadings up until the March 22 Order, First Baptist only referenced the "essential purpose" argument in passing and with oblique language. *See* Plaintiff's Omnibus Memorandum [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71 at 24]. More importantly, First Baptist couched that language within the context of its assertion that the Smart Choice Warranty was unconscionable. Unlike the essential purpose provision of § 11-2-719(2), whether a remedy is unconscionable pursuant to § 11-2-719(1) is a matter of law to be decided by the court. *Lee v. Mercedes-Benz USA, LLC*, 622 S.E.2d 361, 362 (Ga. Ct. App. 2005); *Mullis v. Speight Seed Farms, Inc.*, 505 S.E.2d 818, 819 (Ga. Ct. App. 1998). Thus, for purposes of the March 22 Order, First Baptist did not adequately apprise the court that a factual issue still existed as to whether a breach had occurred. Because no clear error exists, the Motion to Reconsider is

---

[3] Courts have held that UCC § 2-719 has limited application: it provides the parameters for limiting remedies but does not apply to contractual provisions disclaiming liability from warranties. *See, e.g.*, *Koering Co. v. A.P.I., Inc.*, 369 F. Supp. 882, 891 (E.D. Mich. 1974). It is possible that this line of reasoning could be extended to hold that § 11-2-719 is limited to the context of determining the appropriate remedy only *after* breach is found. If so, First Baptist would not be able to bootstrap the terms of a UCC remedy provision into its method of proving breach. However, Georgia law on this subject is unclear, and the parties have not briefed it. In light of the liberal standards of pleading for Rule 8 and Rule 15 of the Federal Rules of Civil Procedure, the court, at this stage of litigation, presumes that § 11-2-719 is not so limited.

denied. However, the deficiency in the Complaint identified by the court—absence of an allegation of breach—has been cured by the terms of the Proposed Amended Complaint. Therefore, the alternative Motion to Amend is granted.

**Breach of Implied Warranty of Merchantability**[4]

First Baptist also brought a claim for breach of the implied warranty of merchantability. The March 22 Order dismissed the claim because First Baptist had only made conclusory allegations of breach and had failed to allege that the shingles had been unsuccessful in serving their ordinary purpose. [Dkt. No. 31 at 7].

The court's determination was not clearly in error. To be merchantable, goods must meet a number of minimal standards such as passing without objection in the trade and being fit for the ordinary purposes for which such goods are used. Ga. Code Ann. § 11-2-314 (1962). The Complaint was devoid of any reference to the shingles' failure to meet these minimum standards. Instead, the Complaint stated only that Defendant was subject to all implied warranties found in the UCC, that Defendant had breached these warranties, and that the breach had resulted in injury to First Baptist. [Dkt. No. 1-2 at 11]. Conclusory pleadings of this caliber are precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court

---

[4] Unfortunately, both the court and the parties involved in this multi-district litigation have sometimes developed opinions and arguments concerning the "implied warranties" as a group. This grouping together of the implied warranty of merchantability and implied warranty of fitness for particular purpose has caused no small amount of confusion, especially because these separate warranties rely on different theories of liability, and finding breach for them requires proof of different elements. Their combination in a composition is sometimes warranted because both are implied by law and both may be disclaimed or excluded by similar methods. However, this court shall, and the parties should, endeavor to be clearer with respect to these two distinct warranties and to avoid lumping them together as "implied warranties" when confusion is likely to result.

decried in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The claim was properly dismissed, and the Motion to Reconsider is denied.

First Baptist now attempts to cure the deficiency by alleging more particularly the standards of § 11-2-314 that the shingles failed to meet.  First, the Proposed Amended Complaint specifically alleges that "[t]he normal and ordinary use of an extended duration roofing shingle is to be an intact and fully performing roofing shingle for the extended duration," and that the shingles "have failed their ordinary purpose by prematurely cracking and splitting, requiring replacement of the roof and causing damage."  [Dkt. No. 33-4 at 9].  These allegations go beyond the conclusory assertions made in the initial Complaint and cure the deficiency identified by the court.[5]  Second, the Proposed Amended Complaint also contains factual allegations that the shingles failed to conform to the promises or affirmations of fact made on their containers, one of the minimum standards of § 11-2-314.  These allegations also cure the deficiency.  Consequently, the Motion to Amend with respect to the claim for breach of the implied warranty of merchantability is granted, pursuant to Rule 15(a)(2).

**Breach of Implied Warranty of Fitness for Particular Purpose**

Along with the implied warranty of merchantability, First Baptist's Complaint also contained a claim for breach of the implied warranty of fitness for particular purpose.  The March 22 Order analyzed the latter claim along with the former and dismissed it for pleading only legal conclusions and being devoid of any allegation that First Baptist relied on Defendant's judgment to select for it shingles appropriate for some particular purpose.  [Dkt. No. 31 at 7].

---

[5] Citing various cases, Defendant urges the court to take a narrow view of the ordinary purpose of shingles: to provide protection from the weather for the interior of the home.  [Dkt. No. 34 at 15–16].  Defendant argues that because First Baptist has not alleged that the shingles failed to provide protection from the weather, it fails to state a claim for breach.  The court declines to accept this definition for the ordinary purpose of shingles.

For the warranty of fitness for particular purpose to exist between parties, the seller must have reason to know of the buyer's particular purpose for the goods, and the buyer must rely on the skill or judgment of the seller in selecting or furnishing suitable goods. *Jones v. Marcus*, 457 S.E.2d 271, 272 (Ga. Ct. App. 1995). In the Proposed Amended Complaint, First Baptist makes no reference to any particular purpose it had for the shingles, no allegation that Defendant knew of any particular purpose, and no assertion that it relied on Defendant to furnish goods suitable for that purpose. First Baptist admits that reliance is a necessary element for proving breach of this warranty [Dkt. 33-1 at 16]. It also admits that for the warranty to apply, information must have been passing between the buyer and seller. Yet, the Proposed Amended Complaint makes no allegation of reliance or the passing of information. Thus, the March 22 Order's dismissal of the claim for breach of the implied warranty of fitness for particular purpose was not clearly erroneous. Furthermore First Baptist has not cured the deficiency. Therefore, both reconsideration and amendment of the claim must be denied.

**Violation of GFBPA**

First Baptist's final claim in its Complaint was based on Defendant's alleged violation of GFBPA. The GFBPA provides a private right of action for an individual "who suffers injury or damages . . . as a result of consumer acts or practices in violation of [the Act]." Ga. Code. Ann. § 10-1-399 (2000). To prevail on a GFBPA cause of action, a plaintiff must demonstrate: a violation of the Act, causation, and injury. *See Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14, 17 (Ga. 2006). Additionally, "[j]ustifiable reliance is an essential element" of a plaintiff's GFBPA claims. *Novare Group, Inc. v. Sarif*, 718 S.E.2d 304, 309 (Ga. 2011) (citing *Tiismann*, 637 S.E.2d at 17).

The March 22 Order recognized two deficiencies in the initial Complaint's GFBPA

claim.  First, it contained no allegations concerning how the supposed misrepresentations in Defendant's marketing caused the professed damages.  [Dkt. 31 at 9]  Second, it failed to make any allegations regarding its reliance on the misrepresentation in choosing to purchase the shingles.  [*Id.*]  The court then dismissed the claim for failing to allege anything concerning these two elements, both of which are needed to support a GFBPA claim.  [*Id.*]

In asking the court to reconsider its decision, First Baptist deals solely with its deficiency in not sufficiently alleging reliance.  It argues that the absence of allegations concerning reliance is an inappropriate reason for dismissal, [Dkt. 33-1 at 14–15]; that reliance has, nonetheless, been alleged in the Complaint, [*id.* at 17–18]; that reliance is not a necessary element of a GFBPA claim [*id.* at 18–19]; and that the Proposed Amended Complaint sufficiently alleges reliance, [*id.* at 18].

First Baptist makes no attempt, however, to address the lack of allegations concerning the related issue of causation, which the court also identified as one of the Complaint's deficiencies. Neither the initial Complaint nor the Proposed Amended Complaint contain any factual allegation pertaining to fraudulent or deceptive conduct prior to June 1998, when First Baptist alleges that its shingles were installed.  Aside from one conclusory paragraph that it "has been injured by [Defendant's] unfair and deceptive acts and practices," [Dkt. No. 33-4 at 11], First Baptist provides no factual allegations concerning how Defendant's alleged misrepresentations in the period after purchase somehow caused First Baptist's injury.

There was no clear error in the court's decision to dismiss the GFBPA claim.  Causation is an essential element to the claim, and First Baptist failed to plead an allegation of causation. This deficiency is alone enough to uphold the March 22 Order's dismissal and to find that the Proposed Amended Complaint has failed to cure the deficiency.  The Court need not examine

16

First Baptist's attempts to rehabilitate the claim by arguing the reliance component. Both the Motion to Reconsider and the Motion to Amend are denied.

**Fraud**

In its Proposed Amended Complaint, First Baptist adds a claim for common law fraud that was not in its initial Complaint. The court need only determine whether permitting the new claim would be futile. The court finds that because the claim fails the standard of pleading set forth in Rule 9(b) of the Federal Rules of Civil Procedure, allowing the claim to survive would be futile.

> A claim of fraud is subject to the heightened pleading standards of Rule 9(b).
>
> Rule 9(b) . . . plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of fraud.

*FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). None of the allegations in the Proposed Amended Complaint describe any fraudulent statements or omissions made; set forth their context, time or place; or identify who made them. Any statements that are proffered are generalized and lack the particularity required by Rule 9(b). First Baptist's attempts to augment its pleadings with a fraud claim are ultimately futile, and the court must therefore deny the Motion to Amend with respect to Count V of the Proposed Amended Complaint.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** First Baptist's Motion to Reconsider Pursuant to Rule 59 or, in the Alternative, to Amend Pursuant to Rule 15, [Dkt. No. 33]. The court **GRANTS** the Motion with respect to amending the claims for

17

negligence, breach of express warranty, and breach of the implied warranty of merchantability found in the Complaint and the Proposed Amended Complaint.  The court **DENIES** the Motion with respect to reconsidering its March 22 Order dismissing all claims of the Complaint and with respect to amending the claims for breach of the implied warranty of fitness for particular purpose, GFBPA violation, and fraud found in the Complaint and the Proposed Amended Complaint.

**IT IS FURTHER ORDERED** that First Baptist be given fifteen (15) days from the date of this Order to amend its Complaint in accordance with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

July 2, 2013
Greenville, South Carolina