# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| In re:<br>**Building Materials Corporation of America Asphalt Roofing Shingle Products Liability Litigation** | MDL No. 8:11-mn-02000-JMC |
| This Document relates to:<br><br>CARROLL THOMPSON, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>GAF MATERIALS CORPORATION,<br><br>      Defendant. | Civil Action No. 8:11-cv-00983-JMC |
| **FIRST BAPTIST CHURCH OF BLAIRSVILLE**, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>GAF MATERIALS CORPORATION,<br><br>      Defendant. | Civil Action No. 8:12-cv-00087-JMC |
| **JOHN GREEN**, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>GAF MATERIALS CORPORATION,<br><br>      Defendant. | Civil Action No. 8:12-cv-00088-JMC |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF MOBILE CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

AND NOW, this 22nd day of April, 2015, upon consideration of the Joint Motion for Final Approval of Mobile Class Action Settlement, Mobile Class Counsel's Petition for Reimbursement of Expenses and Award of Attorneys' Fees, the Settlement Agreement and all exhibits thereto ("Settlement Agreement" or "Settlement"), as well as all other pleadings, submissions and filings in the above-captioned Actions, and the arguments presented to the Court at the Final Approval Hearing that took place on April 22, 2015, and having concluded that the Settlement Agreement is fair, reasonable and adequate, and in the best interest of the Settlement Class, it is hereby ORDERED as follows:

1.      All terms used in this Order have the same meaning ascribed to them in the Settlement Agreement.

2.      This Court's October 20, 2014 Order Granting Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement and Form and Dissemination of Notice to the Class (Case No. 8:11-mn-00983 ECF No. 290) (the "Preliminary Approval Order"), preliminarily certified and ordered that notice of the Settlement be directed to the following class:

> All persons and entities who are Qualifying Owners and South Carolina Qualifying Owners who own any property located in the United States with Mobile Timberline® Shingles manufactured during the period from January 1, 1999 through December 31, 2007.
>
> Excluded from the Settlement Class are:
>
> > (a)     all persons and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of the Settlement; and

(b) all persons or entities who have executed a release, and/or received compensation in any form from GAF, whether in cash and/or through a certificate for shingles, for any claims or complaints concerning, or for the replacement or repair of, any and all Cracked Mobile Timberline® Shingles installed on the property owned by them that was the subject of the release or compensation, including in connection with any warranty claim made to GAF pursuant to the terms of the GAF Limited Warranty or any other GAF warranty, regardless of whether such complaint or warranty claim identified cracking as the basis of the complaint or warranty claim; and

(c) all persons and entities who have asserted a claim in any court of law or arbitral forum concerning Cracked Mobile Timberline® Shingles that has been resolved in a final judgment or disposition, whether or not favorable to the claimant, with respect to the property owned by them that was the subject of the claim; and

(d) all persons and entities who have asserted a claim in any court of law or arbitral forum that has resulted in compensation to such person or entity for the replacement or repair of Cracked Mobile Timberline® Shingles installed on properties owned by them that were the subject of the claim, regardless of whether such claims identified or alleged Cracked Mobile Timberline® Shingles as the basis for any relief sought; and

(e) all persons and entities who are or were builders, developers, contractors, roofers, manufacturers, wholesalers, or retailers of homes, modular homes, manufactured homes, residences, buildings, or other structures containing Cracked Mobile Timberline® Shingles (except as to personal residences or commercial structures owned by them); and

(f) GAF, any entity in which GAF has a controlling interest, any entity which has a controlling interest in GAF, and GAF's assigns and successors; and

(g) the Judge to whom the MDL Litigation is assigned and any member of the Judge's immediate family;

3. The Court finds that the manner and form of notice (the "Notice Plan") set forth in the Settlement Agreement was provided to Settlement Class Members. Notice was also provided to pertinent state and federal officials. The Notice Plan was reasonably calculated to

3

give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23 and due process.

4.      The Court finds that the Settlement Agreement was reached following meaningful and substantive briefing (numerous motions to dismiss and for summary judgment), discovery and investigation. The Settlement is the result of adversarial, arm's-length negotiations between the parties, and the terms and conditions of the Settlement are fair, adequate and reasonable when balanced against the probable outcome of further litigation. At the time the Settlement was negotiated, counsel were reasonably able to evaluate their respective positions. This Settlement will avoid substantial additional costs to all parties, as well as the delay and risks that would be presented by further prosecution of the underlying Actions.

5.      In so finding, the Court considered evidence regarding Plaintiffs' case, the risk, expense and complexity of the claims presented, the likely duration of further litigation, the amount obtained in settlement, the extent of investigation and discovery completed, and the experience and views of Co-Lead Counsel. The Court also considered the objections and requests for exclusion submitted by potential Settlement Class Members.

6.      The request for final certification of the Settlement Class is granted pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court makes the following findings pursuant to FED. R. CIV. P. 23:

a.      The Settlement Class is sufficiently numerous such that joinder of all members is impracticable;

b. There exist questions of fact and law common to the Settlement Class Members. All Settlement Class Members contend, inter alia, that the Shingles are defective and allege breach of warranty, negligence and unfair trade practices claims against GAF;

c. The claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members;

d. The Named Plaintiffs and Co-Lead Counsel will fairly and adequately protect the interests of the Class;

e. The questions of law or fact common to the Settlement Class Members, and which are relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class Members; and

f. Resolution of this litigation in the manner proposed by the parties' Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the underlying Actions.

7. The Court notes that because this litigation is being settled rather than litigated, the Court need not consider manageability issues that may have been presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

8. The Court finally appoints the Plaintiffs Carroll Thompson, First Baptist Church of Blairsville, and John Green, as the Class Representatives.

9. The Court grants Plaintiffs' request for service awards of $30,000 to be divided among the Class Representatives. The Court orders that the service awards shall be paid within a reasonably practicable time following the Effective Date of the Settlement. The Court finds that

these service awards are fair and reasonable based on the assistance that the Class Representatives and other individuals set forth above provided to Class Counsel.

10. The Court finally appoints Dan Speights and A. G. Solomons, III of Speights and Runyan and Thomas H. Pope of Pope and Hudgens as Co-Lead Counsel for the Settlement Class.

11. The Court finally approves Heffler Claims Group as the Third Party Claims Administrator to perform the duties assigned to that function in the Settlement Agreement.

12. The Settlement creates a claims process providing meaningful cash and replacement benefits based on property location, roof size, and the extent of any damaged Shingles.

13. The Settlement Agreement is hereby finally approved pursuant to FED. R. CIV. P. 23(e) as fair, reasonable and adequate, and it shall be consummated in accordance with its terms, which are incorporated as though fully set forth here.

14. The Court held a Final Approval Hearing to consider the fairness, reasonableness and adequacy of the Settlement and was advised that only nine objections were received. The Court has considered the objections and determined that they are not well-founded and lack legal and factual support.

15. The Court finds that only 424 potential Settlement Class Members filed valid requests for exclusion and that any rights they have shall not be affected by the Settlement. Thus, they shall not receive any of the benefits of the Settlement.

16. Upon entry of this Order, the remaining Settlement Class Members, and all and each of them, are hereby bound by the terms set forth in the Settlement Agreement.

17. The Court finds that the claims asserted in the underlying Actions were complex, with many potential intricate factual and legal issues, and the results of litigation, including in this case, can never be predicted with absolute accuracy.

18. Co-Lead Counsel informed the Court of their belief that this Settlement is fair, reasonable and adequate. The Court finds that Co-Lead Counsel are experienced in the area of complex defect and warranty class action litigation such as this case, that they conducted sufficient discovery to determine that the Settlement was fair to the Settlement Class, and that their judgment is entitled to weight.

19. The Court hereby grants final approval of the Settlement, and all claims asserted by Plaintiffs and the Settlement Class in the underlying Actions are hereby dismissed with prejudice. The Settlement Class Members, except for those set forth above who returned valid requests for exclusion, are deemed to have released their claims as set forth in the Settlement Agreement, provided that the Settlement Agreement does not extinguish any rights of Settlement Class Members to make a claim for cracked Timberline® Shingles under any applicable GAF limited warranty following the Claims Submission Period.

20. With respect to Plaintiffs' motion for attorneys' fees and expenses, the Court finds that this case warrants an award of $3 million in attorneys' fees and $700,000 in reimbursement to Class Counsel of expenses that were incurred and are reasonably documented. The Court further finds that the requested contingency of 30% on the enhanced value received by Mobile Settlement Class Members outside South Carolina is reasonable and warranted by the work done and results obtained. The 30% contingent fee will not be paid by GAF, rather it will be paid out of the proceeds of any enhanced benefit awarded to such Class Members. The administrator will pay 70% of the enhanced benefit to the applicable claimant, and will pay the

30% contingent fee, on a quarterly basis for the duration of the settlement, to class counsel for the Mobile Settlement Class. The attorneys' fees awarded by the Court shall be allocated to Class Counsel at the sole discretion of Co-Lead Counsel.

APPROVED BY THE COURT:

*J. Michelle Childs*

United States District Judge

April 22, 2015
Columbia, South Carolina