# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| In re:<br>**Building Materials Corporation of America Asphalt Roofing Shingle Products Liability Litigation** | MDL No. 8:11-mn-02000-JMC |
| This Document relates to:<br><br>CARROLL THOMPSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>GAF MATERIALS CORPORATION,<br><br>                    Defendant. | Civil Action No. 8:11-cv-00983-JMC |
| FIRST BAPTIST CHURCH OF BLAIRSVILLE, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>GAF MATERIALS CORPORATION,<br><br>                    Defendant. | Civil Action No. 8:12-cv-00087-JMC |
| JOHN GREEN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>GAF MATERIALS CORPORATION,<br><br>                    Defendant. | Civil Action No. 8:12-cv-00088-JMC |

**FINAL ORDER AND JUDGMENT**

On October 20, 2014, the Court entered its Order Granting Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement and Form and Dissemination of Notice to the Class (8:11-cv-00983-JMC ECF No. 290). On April 22, 2015, the Court conducted a Formal Fairness Hearing to consider the parties' Joint Motion for Final Approval of Mobile Class Action Settlement, the Settlement Agreement and all exhibits thereto,[1] and Mobile Class Counsel's Petition for Reimbursement of Expenses and Award of Attorneys' Fees. Contemporaneously with this Judgment, the Court has entered its Order Granting Joint Motion for Final Approval of Mobile Class Action Settlement and Plaintiffs' Motion for Final Approval of Attorneys' Fees and Expenses ("Approval Order"). For the purposes of this Judgment, the Court adopts all defined terms as set forth in the Settlement Agreement. All defined terms used herein shall have the meaning set forth in the Settlement Agreement.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Class is certified for purposes of the Settlement Agreement and pursuant to Fed. R. Civ. P. 23(b)(3), and the Settlement Agreement is approved pursuant to Fed. R. Civ. P. 23(e) as fair, reasonable, and adequate.

2. Pursuant to the Settlement Agreement, the Court:

(a) finds that the Settlement is fair, reasonable, and adequate to the members of the Settlement Class; and

(b) dismisses all Plaintiffs' actions in the MDL Litigation against GAF, with

---

[1] Filed and attached as exhibit A to Plaintiffs' Memorandum in Support of Motion for Final Approval of the Mobile Class Action Settlement.

prejudice; and

    (c)    restates the following terms of the Release provided in subsection 6.1 of this Settlement Agreement and gives immediate effect to such release:

    6.1    (a)    Upon the Court's entry of the Final Order and Judgment, all Settlement Class Members (on behalf of themselves and their agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns), who have not properly and timely opted out of the Agreement pursuant to its terms shall be conclusively deemed to have fully, finally, and forever released and discharged GAF (and its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, representatives, and assigns) from any and all claims, demands, rights, liabilities, or causes of action, whether known or unknown, related to, in connection with, or arising out of Mobile Timberline® Shingles that are the subject of this Agreement that crack, split or tear prior to the end of the warranty period applicable to those shingles, including without limitation any damage to the Roof System and any damage to Other Building Materials, which any member of the Settlement Class had, has, or may have in the future, and further shall permanently bar and enjoin the Settlement Class Members (and their agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns) from asserting such claims directly or indirectly against GAF (and its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, representatives, and assigns). This Release covers any claims regardless of when the cracking, splitting or tearing of Mobile Timberline® Shingles manifests itself.

    (b)    Notwithstanding the foregoing, this Release does not release GAF from (1) any obligations under this Agreement; (2) any claims for damages to any interior part of the structure below the Roof System; and (3) any claim for bodily injury suffered as a result of Cracked Mobile Timberline® Shingles, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; (4) any claims which do not arise from the cracking, splitting or tearing of Mobile Timberline® Shingles; (5) any claim for an alleged defect in Mobile Timberline Shingles not related to cracking, splitting or tearing; and (6) obligations incurred by GAF in settlements it has made with Settlement Class Members prior to the Effective Date.

    (c)    Notwithstanding anything contained in the foregoing subsections (a) and (b), all claims (whether arising prior to the Effective Date or thereafter) for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any

claim relating to Mobile Timberline® Shingles that are the subject of this Agreement that have cracked split or torn shall be released.

(d)     This release shall not be construed to prohibit a state or other governmental entity from bringing or continuing a law enforcement action against GAF that is based on or arises out of the events and circumstances that form the basis of this case; and

(d)     approves an award of attorneys' fees and expenses for Class Counsel and/or incentive payments to named Plaintiffs, or reserves jurisdiction to make any such award; and

(e)     agrees that the form and manner of notice given to the Settlement Class Members fairly and adequately informed them of all material elements of the above-captioned actions and the proposed Settlement and constitute sufficient notice to the Settlement Class Members in accordance with Federal Rule of Civil Procedure 23 and due process requirements; and

(f)     without affecting the finality of this Final Judgment, retains exclusive and continuing jurisdiction over (i) the Settlement Agreement, including its administration, consummation, performance, claims procedures, enforcement, implementation, construction, interpretation and any other issues or questions that may arise (ii) the Settling Parties to enforce the Settlement Agreement; (iii) any applications for attorneys' fees, expenses and costs related to the Settlement Agreement; (iv) all proceedings related to the Settlement Agreement both before and after this Final Judgment become final for purposes of the Settlement Agreement, including jurisdiction to vacate the Approval Order and the Final Judgment if the Effective Date does not occur or the Settlement Agreement does not become effective for any reason; and (v) enforcement of the Approval Order and this Final Judgment.

3.     After the Claims Period has expired, any and all claims submitted under the Settlement shall be barred from payment.

4.     The Settlement Agreement shall be implemented in accordance with its terms.

5.  The Clerk is directed to enter this Final Judgment, which resolves all claims against all parties and is appealable.

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2015.

*J. Michelle Childs*

United States District Judge

Columbia, South Carolina